Sally M. BLAINE; Alice Faye
Ricks, Appellants,

v.

WHIRLPOOL CORPORATION; International Union Allied Industrial
Workers, Local 370, Appellees.

No. 88–2621.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Dec. 11, 1989.

Lisa A. Kelly, Pine Bluff, Ark., for appellants.

Keith C. Hult, Chicago, Ill., for appellees.

Before LAY, Chief Judge,
BOWMAN, and MAGILL, Circuit
Judges.

BOWMAN, Circuit Judge.

Appellants Sally M. Blaine and Alice Faye Ricks brought an action against Whirlpool Corporation and their union, International Union Allied Industrial Workers and its Local 370 ("the Union"), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1982 & Supp. V 1987) and the Civil Rights Acts of 1866, 42 U.S.C. § 1981 (1982). Following a two-day bench trial, the District Court[1] rendered an oral opinion in favor of Whirlpool and the Union, and subsequently filed written findings of fact and conclusions of law which supported the oral opinion. Appellants maintain that the District Court had no jurisdiction to make written findings after appellants had filed a proper notice of appeal and that this Court may not consider these written findings in the determination of this appeal. Appellants further argue that the judgment of the District Court should be reversed because the court did not apply the proper standards and burdens of proof in determining that appellants were not discriminated against because of their race by Whirlpool and the Union. We affirm.

Appellants' claims in this matter, which are unrelated, arose out of events that occurred during the course of their employment at Whirlpool. Both Blaine and Ricks, who are black, claimed at trial that they were victims of adverse employment decisions because of their race.

Blaine's claim arose out of a job reassignment that occurred in January 1986. In October 1985, Blaine and Ruby Muse, a

---

**1.** The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

less senior employee, applied for a transfer from the second shift to the first. According to the collective bargaining agreement between Whirlpool and the Union ("the Agreement"), employees' shift change requests are granted on the basis of seniority, with the most senior employee requesting the change replacing the most junior employee on the desired shift. Pursuant to this procedure, both Blaine's and Muse's transfers were approved; Blaine (the most senior) would replace Reid (the least senior) and Muse (the second most senior) would bump Wise (the second least senior). When Blaine and Muse reported to their first shift positions on Monday, however, the first shift supervisor refused to implement Muse's shift change. The supervisor mistakenly believed that Reid was on medical leave (she had actually been cleared from medical leave the previous Friday) and therefore was not eligible to be bumped from her position. Accordingly, the supervisor allowed Blaine to replace Wise and sent Muse back to the second shift.

The next week, Muse filed a grievance regarding the denial of her shift change. A meeting was convened between Whirlpool and Union representatives from both shifts and it was decided that Muse's grievance was meritorious and that she should be transferred to the first shift. Because of a medical restriction, the only job which Muse could perform was the labeling position which Blaine held and Muse therefore replaced Blaine at her position.[2] Blaine was assigned to an off-line job on the same shift and at the same rate of pay. Blaine claimed that she was reassigned and denied assistance by the Union because of her race.

Ricks's claim arose from a five-week layoff that began in September 1985. Ricks had a medical restriction and could only perform jobs that did not require the use of her injured right arm. Union and Whirlpool officials determined that the only position that Ricks could fill was the "fluxing" position and she was assigned to that job on the second shift. In September 1985, Whirlpool implemented a reduction in force

and shut down the entire second shift. Ricks was laid off after Whirlpool's supervisor of benefits and health services determined that there was no fluxing position on the first shift for which Ricks was eligible. Following the five-week layoff, Ricks returned to the fluxing position on the second shift. Ricks claimed that she was discriminated against by Whirlpool and the Union because of her race.

■ Appellants' first argument, that this Court may not consider the District Court's written findings of fact and conclusions of law in ruling on this appeal because the District Court filed its written opinion one week after appellants filed their notice of appeal, is misconceived. At the close of trial, the district judge explicitly informed the parties that his oral opinion would be supplemented by a written opinion supported by legal authority. The written opinion is consistent with the court's oral opinion in all material respects and the written findings assist this Court in determining the appeal. The District Court had jurisdiction to make written findings of fact and law and this Court may consider these findings on appeal. *See Silverthorne v. Laird,* 460 F.2d 1175, 1178 (5th Cir.1972) (district court retains "full authority to take any steps during the pendency of the appeal that will assist the court of appeals in the determination of the appeal" (quoting 9 Moore's Federal Practice ¶ 203.11 n. 2)).

■ Appellants next argue that the District Court did not apply the proper standards and burdens of proof in determining that appellants were not discriminated against on account of their race. After a careful review of the findings of fact and conclusions of law by the District Court, we conclude that the court correctly applied the analysis required by *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981). The District Court initially ruled that appellants had established a prima facie case of discrimination. The court then found that Whirlpool and the Union had shown that their actions were taken for legitimate, nondiscrimina-

---

**2.** Though Blaine was senior to Muse, Article VII of the Agreement provided for an exception to

the seniority rule if a grievance procedure was involved.

ry reasons and that appellants had not succeeded in rebutting this showing. The court properly recognized that appellants had the burden of proof on the issue of discrimination. The court's analysis was appropriate and its findings of fact are not clearly erroneous. We therefore affirm the judgment of the District Court on the basis of that court's oral opinion and supplementary written opinion. *See* 8th Cir.R. 14.

Although the issues appellants have raised lack merit, the appeal, taken as a whole, is not a frivolous one. We therefore deny appellees' requests under Federal Rule of Appellate Procedure 38 for an award of attorney fees or an assessment of double costs against appellants.