In re GRAND JURY PROCEEDINGS
UNDER SEAL, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

In re GRAND JURY PROCEEDINGS
UNDER SEAL, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

In re GRAND JURY PROCEEDINGS
UNDER SEAL, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 2, 1991.

Decided Oct. 30, 1991.

David Owen Williamson, Moss & Rco-vich, P.C., Roanoke, Va., argued (John C. Rocovich, Jr., Gerald A. Dechow, John T. Arnold, on brief), for petitioner-appellant.

Julie Marie Campbell, Asst. U.S. Atty., Abingdon, Va., argued (Montgomery Tucker, U.S. Atty., of counsel), for respondent-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HAWKINS, Chief District Judge for the District of South Carolina, sitting by designation.

## OPINION

DONALD RUSSELL, Circuit Judge:

The appellant in these actions appeals three district court orders denying his motions to quash a grand jury subpoena issued to his accountant. The appellant alleged that he was the target of the grand jury investigation into his personal or his business's tax returns. He based his motion on the attorney-client privilege, stating that his accountant had been employed by his (appellant's) counsel in connection with the investigation. We affirm the district court's orders with modification.

Appellant attacks the district court's orders on two grounds. He argues that the district court lacked jurisdiction to enter two of the orders because he had filed a notice of appeal prior to the filing of the orders. He also contends that the scope of the privilege is broader than the district court found.

### I.

The district court held a hearing and entered an order on March 5, 1991, denying appellant's first motion to quash but the denial was without prejudice to the entry of a protective order. On March 11, 1991, appellant filed a motion for entry of a protective order. The district court treated this motion as another motion to quash and held a hearing on March 11. No evidence was presented during this hearing. The district court ruled that it would deny the motion to quash but ordered that questions of the accountant be limited to the facts and circumstances surrounding the preparation and filing of the tax returns. At the end of the hearing, appellant's counsel filed a notice of appeal of the March 5 order and moved for a stay of the enforcement of the grand jury subpoena pending appeal. The district court denied the motion for a stay. This notice of appeal became case number 91–5012.

On March 12, 1991, the district court entered its written order memorializing its rulings made during the March 11 hearing. Appellant filed a notice of appeal of this order on March 12. This notice of appeal

became case number 91–5013. Also on March 12, both parties to this proceeding appeared before a single judge of this Court regarding this case. Following this hearing, the district court held a hearing to determine the scope of the attorney-client privilege.

The district court held the hearing on March 15, during which appellant's accountant and the attorney with whom he had conferred about the grand jury investigation, testified. The accountant testified that he had done work for appellant and appellant's business. He stated that he suggested to appellant that he hire the attorney and that after the decision to hire the attorney was made that appellant told him in general terms about new information relating to the contents of the tax returns of appellant's business. The accountant stated that he, one of his partners, the appellant, and the attorney met to discuss appellant's situation. The accountant testified that he was never retained by appellant's attorney. The accountant stated that he met with the attorney and appellant only on this one occasion.

The attorney testified that appellant's accountant introduced appellant at their meeting, which occurred on September 7, 1990. He said that most of the facts disclosed during the meeting came from the accountant. The attorney stated that he was not hired by appellant and had no further contact with him after the meeting.

The district court held that the evidence presented did not change its previous ruling. The court found that communications made during the September 7 meeting were protected but that no communications prior to the meeting were covered. The court also found that appellant's accountant was never the agent of the attorney. The government moved that the court modify its previous order to reflect that communications made before the meeting were not covered and the court entered an order on March 15 to that effect. Appellant made a motion to stay enforcement of the subpoena, but the district court denied the request. Appellant filed a notice of appeal

of the March 15 ruling on March 18, 1991, which became case number 91–5016.

Appellant seeks as relief a mandate of this Court ordering the district court to issue subpoenas so that he may subpoena witnesses to an evidentiary hearing and declaring void all rulings of the district court following the March 11 notice of appeal.

## II.

■ The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11 (2d ed. 1991); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure* § 3949 (1977). *See Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135 (4th Cir. 1978), *cert. denied*, 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 56 (1979).

■ The rule is not absolute, however. One exception to the rule is that a district court does not lose jurisdiction to proceed as to matters in aid of the appeal. *In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981); 9 *Moore's Federal Practice* ¶ 203.11; 16 *Federal Practice & Procedure* § 3949 & 1991 Supp. The rule is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Thorp*, 655 F.2d at 998 (quoting 9 *Moore's Federal Practice* ¶ 203.11).

■ The district court's order filed March 12 was filed after the March 11 notice of appeal was filed. However, the district court had already announced its ruling in the March 11 hearing prior to the filing of the notice of appeal. The written order simply memorialized the district court's oral ruling. It aids the appeal by giving this Court a written order to review. Therefore, the district court had jurisdiction to enter the March 12 order. *See Blaine v. Whirlpool Corp.*, 891 F.2d 203, 204 (8th Cir.1989).

■ The March 15 order was filed after two notices of appeal were filed and dealt with the subject of the appeals. The order expanded the scope of the earlier orders by allowing questioning into communications which occurred prior to the meeting among the attorney, appellant, and his accountant. Nevertheless, we find that the district court had jurisdiction to enter the March 15 order. The March 15 hearing addressed for the first time the specific issue raised by appellant's motions and was, therefore, directly in aid of these appeals. The participation of a judge of this Court in the process made it highly unlikely that the hearing would result in any duplication of effort. Therefore, we find that the district court had jurisdiction to enter all three of the orders appealed from by the appellant.

## III.

■ Statements made while intending to employ a lawyer are privileged even though the lawyer is not employed. *United States v. Dennis*, 843 F.2d 652, 656 (2d Cir.1988). Thus, the district court correctly found that the communications at the meeting among appellant, his accountant, and the attorney were privileged. Appellant contends, however, that the privilege arose when he decided to hire the attorney and that his subsequent discussions with his accountant regarding his tax returns are protected. In deciding when the privilege arose, we are mindful that the privilege is "inconsistent with the general duty to disclose and impedes the investigation of the truth." *United States v. (Under Seal)*, 748 F.2d 871, 875 (4th Cir.1984). This Court has consistently stated that the privilege must be strictly construed. *Id.; In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir.1984).

The government contends that the attorney-client privilege issue should be decided in accord with reasoning of *United States v. Kovel*, 296 F.2d 918 (2d Cir.1961). In *Kovel*, the court examined the scope of the attorney-client privilege as it relates to communications with an accountant. The court stated that where the client communicates first to his accountant, the communi-

cations are not protected even though the client later consults an attorney on the same matter. *Id.* at 922. On the other hand, the *Kovel* court found that if the client first consults with a lawyer who retains an accountant or if the client consults a lawyer with his own accountant present, the privilege applies. *Id.* According to the government, the district court ruled properly because appellant never hired the attorney consulted at the September 7 meeting.

The *Kovel* court noted, however, that it was not presented with the situation of an accountant acting as the client's agent, rather than the attorney's agent, for the purpose of subsequent communication by the accountant to the lawyer. *Kovel,* 296 F.2d at 922 n. 4. The *Kovel* court recognized that communications by the client's agent to the attorney are privileged. *Id.* In such a situation, communications between the client and his agent made for the purpose of facilitating the rendition of legal services would be covered by the privilege. *See* Supreme Court Standard 503(b)(4).

We find that in appellant's situation the attorney-client privilege may relate back no further than to protect the communications which occurred immediately prior to the meeting which involved protected communications. This limitation better ensures that the communications privileged from disclosure were made for the purpose of the accountant assisting appellant in the rendition of legal services rather than merely for the purpose of receiving accounting advice. *Cf. Kovel,* 296 F.2d at 922 (no privilege exists if accounting advice rather than legal advice is sought). Moreover, this is consistent with this Court's commitment to strictly construing the privilege while still affording significant protection to confidential communications.

We find that appellant presented sufficient evidence to the district court to establish that the communications immediately prior to the meeting were protected. The accountant testified at the March 15 hearing that on the morning of the September 7 meeting he and the appellant drove to the meeting place together and that they discussed the matters to be discussed with the attorney. Thus, communications made between appellant and his accountant when they were en route to the meeting are protected by the privilege. However, all communications previous to September 7 are not protected.

Accordingly, we modify the district court's order of March 15 to preclude the government from questioning the accountant during his grand jury testimony on matters discussed between himself and appellant during their trip to the September 7 meeting. The district court's order is affirmed in all other respects.

AFFIRMED AS MODIFIED.