*1016
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court dismissing appellant’s complaint for injunctive and declaratory relief.
 

 On September 10, 1991, respondent attorney Gerald Gillock filed a medical malpractice action against appellant Dr. Larry Robbins on behalf of the estate of Kathleen Flores, a former patient of Dr. Robbins.
 
 [1]
 
 Two months later, Dr. Robbins filed a complaint for injunctive and declaratory relief against Gillock
 
 *1017
 
 and his law firm. Dr. Robbins sought to enjoin Gillock from representing Flores because Gillock had previously defended Dr. Robbins in a case filed by Ila Toller Martinez in 1979 which was dismissed in 1984. Dr. Robbins alleged that Gillock’s representation of Flores was a conflict of interest.
 
 [2]
 

 Dr. Robbins’ complaint was accompanied by an affidavit from Dr. Robbins in which he stated that he had several conversations and one meeting with Gillock and that Gillock defended Dr. Robbins at his deposition in the Martinez case. Dr. Robbins also recalled signing interrogatories. Dr. Robbins, however, could not remember the specifics of any conversations. Dr. Robbins further filed an exhibit documenting that Gillock’s file from the Martinez case contained thirty-one pleadings, eighty pieces of correspondence, four depositions and an indication that Gillock and his firm documented ninety-nine hours of work on the case. The district court concluded that Dr. Robbins had not demonstrated an impermissible conflict of interest. We agree and affirm.
 

 In 1986, this court adopted the Nevada Rules of Professional Conduct.
 
 See
 
 SCR 150. SCR 159, the Nevada Rule of Professional Conduct governing the representation of a former client, provides in pertinent part:
 

 A lawyer who has formerly represented a client in a matter shall not thereafter:
 

 1. Represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents, preferably in writing, after consultation . . . .
 
 [3]
 

 The burden of proving whether two matters are the same or substantially related falls on the party moving for disqualification and that party must have evidence to buttress the claim that a conflict exists. Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1204 (E.D.Pa. 1992); Satellite Fin. Planning v. 1st Nat. Bk. Wilmington, 652 F.Supp. 1281, 1283
 
 *1018
 
 (D.Del. 1987). In proving that a prior representation is substantially related to present litigation, however, the moving party is not required to divulge the confidences actually communicated, nor should a court inquire into whether an attorney actually acquired confidential information in the prior representation which is related to the current representation.
 
 Commonwealth Ins. Co.,
 
 808 F.Supp. at 1204;
 
 Satellite Fin. Planning,
 
 652 F.Supp. at 1283. The court should instead undertake a realistic appraisal of whether confidences might have been disclosed in the prior matter that will be harmful to the client in the later matter.
 
 Commonwealth Ins. Co.,
 
 808 F.Supp at 1204;
 
 Satellite Fin. Planning,
 
 652 F.Supp. at 1283. Further, the district courts have broad discretion in determining whether disqualification is required in a particular case, and that determination will not be disturbed by this court absent a showing of abuse.
 
 See
 
 Cronin v. District Court, 105 Nev. 635, 781 P.2d 1150 (1989).
 

 We conclude that the district court did not abuse its discretion because appellant failed to demonstrate that the prior representation and the instant litigation are the same or substantially related. Mere similarity or a superficial resemblance between prior and present representation is insufficient to justify disqualification. Instead, the focus “ ‘should be on the precise nature of the relationship between the present and former representation.’”
 
 Satellite Fin. Planning,
 
 652 F.Supp. at 1285 (quoting Duncan v. Merrill Lynch, 646 F.2d 1020, 1029 (5th Cir. 1981)); Model Rules of Professional Conduct 1.9, Comment 2. The mere fact that the Martinez case and the instant case both involve allegations of medical malpractice against Dr. Robbins does not demonstrate that the cases are substantially related. Dr. Robbins did not establish that Flores’ neurological injury and Martinez’ kidney ailment are anything but wholly distinct matters; Dr. Robbins’ argument that Gillock might have obtained disadvantageous confidences in his earlier representation of Dr. Robbins is pure speculation.
 

 Accordingly, we affirm the order of the district court dismissing appellant’s complaint.
 

 [1]
 

 The complaint alleged that Dr. Robbins: (1) rendered treatment below the standard of care because he failed to heed signs indicating neurological injury and proceeded to treat Flores by manipulating her neck; (2) rendered treatment below the standard of care because he did not consult with, or refer Flores to, a specialist when he knew or should have known that Flores’ symptoms were beyond his competence to treat and may have been neurological; (3) failed to consider Flores’ medical history; (4) failed to diagnose, treat or examine properly; and (5) failed to inform decedent of the risks of treatment.
 

 [2]
 

 The complaint in the Martinez case alleged that Dr. Robbins “negligently failed to properly monitor the Plaintiff’s condition, negligently failed to perform the proper testing to determine Plaintiff’s true condition and negligently failed to administer sufficient or proper medication to curb the continually worsening kidney ailment.”
 

 [3]
 

 We note that until 1986, Nevada attorneys were governed by the ABA Model Code of Professional Responsibility, and the rule that an attorney cannot represent conflicting interests was rigid.
 
 See e.g.,
 
 Steen v. Gass, 85 Nev. 249, 454 P.2d 94 (1969).