Joseph **COLES** & Cassandra
Slocum, Plaintiffs,

v.

**ARIZONA CHARLIE'S,** a Nevada corporation; **Does I–X and Roe Corporations I–V, inclusive, Defendants.**

No. CV–S–96–00809–DWH(RJJ).

United States District Court,
D. Nevada.

July 23, 1997.

David Pancoast, Janet Pancoast, Las Vegas, NV, for Plaintiffs.

William E. Cooper, Las Vegas, NV, for Defendants.

## ORDER

JOHNSTON, United States Magistrate Judge.

This matter is before the Court for a hearing on the Defendant's Motion to Disqualify Counsel (# 6). The Court has considered the Defendant's Motion, the Plaintiffs' Opposition (# 7), and the Defendant's Reply (# 8).

## BACKGROUND

On September 5, 1996, the Plaintiffs, Joseph Coles and Cassandra Slocum, filed a complaint against the Defendant, Arizona Charlie's, alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 626(b) and racial discrimination in employment in violation of Tide VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., respectively. Complaint (# 1). In this action, Arizona Charlie's is represented by the law firm of Kirshman, Harris & Cooper. The Plaintiffs are represented by Janet C. Pancoast of Pancoast & Pancoast.

In May 1993, the law firm of Kirshman, Harris & Cooper hired Pancoast as a law clerk. Kirshman Aff. ¶ 2. At that time, the firm employed six attorneys and two law clerks. Vlahos Aff. ¶ 3. After passing the Nevada State Bar Examination in 1993, Pancoast worked at the firm as an attorney until April 15, 1994. *Id.* During Pancoast's tenure with the Kirshman firm, Arizona Charlie's retained the firm to advise it on employment law policies and practices and to represent the company in employment litigation. Kirshman Aff. ¶ 3.

While Pancoast was employed with the firm, it represented Arizona Charlie's in *Manning v. Arizona Charlie's,* a case involving allegations of racial discrimination in employment. Manning's complaint placed in issue Arizona Charlie's employment practices and policies. Kirshman Aff. ¶ 7. In the course of defending this suit, the Kirshman firm received confidential information from Arizona Charlie's relating to the discrimina-

tion claim. *Id.* The Defendant maintains that the confidential information was dis-. closed to and shared with all members of the firm. Kirshman Aff. ¶ 7. According to the Defendant's affidavits, at firm meetings, attorneys regularly discussed the status of client matters, including case strategies and communications with clients. Kirshman Aff. ¶ 4. During the time Pancoast was employed with the Kirshman firm, staff meetings were held at which the Arizona Charlie's matters were discussed. *Id.* Furthermore, all members of the firm had open access to the *Manning* case file. *Id.*

The Defendant now brings this motion to disqualify Plaintiffs' counsel, Janet C. Pancoast, because she was employed with the Kirshman firm when it defended Arizona Charlie's against allegations of employment discrimination. The Defendant argues that disqualification is especially warranted because Pancoast sent a demand letter on behalf of the Plaintiffs stating that her office is aware of other incidents of discrimination which show a pattern or practice of discrimination by Arizona Charlie's. *See* Letters, attached as Exhibit C to Defendant's Motion (# 6). In opposition to the motion to disqualify, the Plaintiffs argue that Pancoast never worked on the Arizona Charlie's matters, that she has no recollection of the cases, and that she never looked at Arizona Charlie's case files. In short, the Plaintiffs argue that no conflict exists because Pancoast did not acquire confidential information about Arizona Charlie's while she was employed at the Kirshman firm.

## DISCUSSION

 Local Rule IA 10–7[1] of the United States District Court for the District of Nevada provides that an attorney admitted to practice before this court shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended by the Supreme Court of Neva-

da. Nevada Supreme Court Rule 159 provides:

A lawyer who has formerly represented a client in a matter shall not thereafter:

1. Represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents, preferably in writing, after consultation; or

2. Use information relating to the representation to the disadvantage of the former client except as Rule 156 would permit with respect to a client or when the information has become generally known.

Nevada Supreme Court Rules, Rule 159. The burden of proving that two matters are the same or substantially related falls upon the party moving for disqualification. *Robbins v. Gillock*, 109 Nev. 1015, 1017, 862 P.2d 1195, 1197 (Nev.1993) (citing *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F.Supp. 1200, 1204 (E.D.Pa.1992)). The district court has primary responsibility for controlling the conduct of lawyers practicing before the court. *Gas–A–Tron of Arizona v. Union Oil Company of California*, 534 F.2d 1322, 1325 (9th Cir.1976), *cert. denied*, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); *Paul E. Iacono Structural Engineer, Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir.1983), *cert. denied*, 464 U.S. 851, 104 S.Ct. 162, 78 L.Ed.2d 148 (1983) (the district courts are free to regulate the conduct of lawyers appearing before them). The court has power to disqualify an attorney from representing a particular client in order to preserve the integrity of its judgment, maintain public confidence in the integrity of the bar, eliminate conflicts of interest, and protect confidential communications between attorneys and their clients. *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F.Supp. 1200, 1203 (E.D.Pa.1992).

---

1. Local Rule IA 10–7 states:

(a) *Model Rules.* An attorney admitted to practice pursuant to any of these rules shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may

be modified by this court. Any attorney who violates these standards of conduct may be disbarred, suspended from practice before this court for a definite time, reprimanded or subjected to such other discipline as the court deems proper. This subsection does not restrict the court's contempt power....

■ Disqualification is warranted under Nevada Supreme Court Rule 159 when the current adverse representation and the prior representation are substantially related. *Robbins,* 109 Nev. at 1017–1018, 862 P.2d 1195. A matter is substantially related to a prior matter "if the factual contexts of the two representations are similar or related, regardless of whether confidences were in fact imparted to the lawyer by the client in the prior representation." *Humphrey,* 722 F.2d at 440. Mere similarity or a superficial resemblance between the prior and the present representation is insufficient to justify disqualification. *Robbins,* 109 Nev. at 1018, 862 P.2d 1195.

"In proving that a prior representation is substantially related to the present, the moving party is not required to divulge the confidences actually communicated, nor should a court inquire into whether an attorney actually acquired confidential information in the prior representation which is related to the current representation. . . . The court should instead undertake a realistic appraisal of whether confidences might have been disclosed in the prior matter that would be harmful to the client in the later matter." *Robbins,* 109 Nev. at 1018, 862 P.2d 1195.

■ While Pancoast was employed with the Kirshman firm, Arizona Charlie's retained the firm to advise it on employment policies, practices, and procedures. Kirshman Aff. ¶ 3. Arizona Charlie's also retained the firm to represent it in an employment discrimination lawsuit, *Manning v. Arizona Charlie's.* Kirshman ¶ 7. According to the Defendant, Arizona Charlie's employment practices and policies were placed in issue in the *Manning* case. Similarly, in the present action, the Plaintiff has asserted the relevance of Arizona Charlie's employment practices and policies. In two demand letters addressed to the Defendant, Plaintiffs' counsel asserted that the anti-discrimination laws allow "the EEOC and federal courts to review the hiring, training, promotions, and termination practices of an employer." Demand Letters, attached as Exhibit C to Defendant's Motion. The Plaintiffs' counsel further stated that her "office has been ad-

vised [by the Plaintiffs] of other incidents which show a pattern and practice of discrimination" by Arizona Charlie's. *Id.* Obviously, the *Manning* case and the current litigation bear more than a superficial resemblance to each other. Here, the Plaintiffs' counsel intends to litigate the same employment policies on which her former firm advised Arizona Charlie's. The Plaintiffs' counsel also seeks to take a position adverse to employment practices which her firm previously defended. Consequently, the court finds that a substantial relationship exists between the two representations.

The Defendant refuses to consent to Pancoast's representation of the Plaintiffs in this case. This conflict of interest results in a presumption that the Plaintiffs' lawyer gained confidential information from the former client which she will now use on behalf of the Plaintiffs against the Defendant. In some jurisdictions, once the substantial relationship test is satisfied, the presumption is rebuttable that the law firm's former attorney received confidential information during her prior representation. *Schloetter v. Railoc of Indiana, Inc.,* 546 F.2d 706, 710 (7th Cir.1976); *La Salle National Bank v. County of Lake,* 703 F.2d 252, 255–56 (7th Cir. 1983); *Amgen v. Elanex Pharmaceuticals, Inc.,* 160 F.R.D. 134 (W.D.Wash.1994) (citing *Trone,* 621 F.2d at 999).

Under Nevada law, the court must undertake a "realistic appraisal" of whether Plaintiffs' counsel may have acquired confidential information from the Defendant during her employment at the Kirshman firm. *Robbins,* 109 Nev. at 1015, 862 P.2d 1195. The Defendant, without revealing the content of the communications, has submitted that actual confidences were shared with the Kirshman firm during its representation of Arizona Charlie's in the *Manning* case. Indeed, in the course of representing Arizona Charlie's in the *Manning* case, it is entirely possible that the Defendant disclosed in confidence facts and information that are relevant to the present litigation. Pancoast also actively participated in office strategy meetings at the Kirshman firm regarding Defendant's employment practices and litigation.

The plaintiffs' main argument against disqualification is that Pancoast does not possess any confidential information. Pancoast advised the court during the hearing that she had no recollection of any confidential information regarding the Defendant and it's employment practices and procedures. Additionally, Pancoast indicated that if the issues in this case touch or include the *Manning* racial discrimination case, she would avoid using *Manning* behalf of the Plaintiffs. The Plaintiffs and Pancoast have not submitted competent evidence showing that Pancoast was not privy to Arizona Charlie's confidential information. Consequently, the Plaintiffs' showing is insufficient to overcome the presumption that Pancoast received confidential client information during her prior representation. *See LaSalle National Bank,* 703 F.2d at 257 (a very strict standard of proof must be applied to the rebuttal of this presumption and any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification). Therefore, the court, having closely reviewed the record, finds that disqualification of Plaintiffs' counsel, Janet C. Pancoast, is warranted.

### ORDER

Based on the foregoing and good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Disqualify Counsel (# 6) is GRANTED.