**Joseph COLES and Cassandra Slocum, Plaintiffs,**

v.

**ARIZONA CHARLIE'S, Defendant.**

**No. CV–S–96–809–DWH (RJJ).**

United States District Court, D. Nevada.

Jan. 23, 1998.

David J. Pancoast, Janet C. Pancoast, Pancoast & Pancoast, Las Vegas, NV, for plaintiff/petitioner.

J. Douglas Driggs, James, Driggs & Walch, Las Vegas, NV, John J. Dawson, John R. Clemency, Streich Lang, Phoenix, AZ, for defendant/respondent.

## ORDER

HAGEN, District Judge.

Before the court is plaintiffs' appeal (# 15) of Magistrate Judge Robert J. Johnston order (# 13) granting defendant's motion (# 6) to disqualify plaintiffs' counsel pursuant to Nevada Supreme Court Rule 159.

### Factual Background

On September 5, 1996, plaintiffs filed a complaint against defendant for allegedly engaging in age and racial discrimination in employment in violation of the Age Discrimination in Employment Act and Title VII. In this action, defendant Arizona Charlie's is represented by the law firm of Kirshman, Harris & Cooper and plaintiffs are represented by Janet Pancoast of Pancoast & Pancoast. Janet Pancoast worked for Kirshman, Harris & Cooper, first as a law clerk and then as an attorney, from May 1993 until April 1994. Kirshman, Harris & Cooper employed six attorneys and two law clerks at that time.

During the time of her employment for Kirshman, Harris & Cooper, that law firm defended Arizona Charlie's in an employment discrimination case involving allegations of racial discrimination ("the Manning case") and provided legal advice to Arizona Charlie's in connection with its employment policies and practices. The attorney responsible for the Manning case at Kirshman, Harris & Cooper was William Cooper. Janet Pancoast did not work on the Manning case or the related employment matters for Arizona Charlie's while employed at Kirshman, Harris & Cooper but attended firm meetings during which attorneys discussed the status of client matters including, according to the defendant's affidavits, Arizona Charlie's' cases. Kirshman, Harris & Cooper also submitted evidence that it received confidential information in the course of representing Arizona Charlie's and that this information was shared with attorneys at the firm through daily interaction and firm meetings. Also, Kirshman, Harris & Cooper has shown that all attorneys and staff, including Janet Pancoast, had access to the Manning case files.

### Plaintiffs' Appeal of Order Disqualifying Plaintiffs' Counsel

In his order, the magistrate judge disqualified plaintiffs' counsel, Ms. Pancoast, on the ground that a substantial relationship exists between the prior representation of Arizona Charlie's by Kirshman, Harris & Cooper in the Manning case and the related employment matters and the current representation of plaintiffs by Ms. Pancoast against Arizona Charlie's. This determination was based on several findings by the magistrate judge including the following: both cases involve allegations of racial discrimination in employment; Kirshman, Harris & Cooper provided legal advice to Arizona Charlie's regarding its employment practices and policies and plaintiffs in this case allege those practices and policies are unlawful; plaintiffs in this case allege a pattern and practice of racial discrimination by Arizona Charlie's; confidential information disclosed to Kirshman, Harris & Cooper during the Manning case could be relevant to plaintiffs' "pattern and practice" allegation in this case; and Ms. Pancoast actively participated in firm meetings while employed at Kirshman, Harris & Cooper, which included discussions of Ari-

zona Charlie's' employment practices and litigation.

After determining the representations were substantially related, the magistrate judge noted that plaintiffs failed to provide any competent evidence to rebut the presumption that Ms. Pancoast gained disadvantageous confidential information regarding Arizona Charlie's while employed at Kirshman, Harris & Cooper. Thus, the magistrate judge found disqualification of Ms. Pancoast was warranted under the Nevada Supreme Court Rules.

This court may reconsider a magistrate judge's order regarding a pretrial matter where "it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule IB 3–1. Plaintiffs attempt to meet this burden by showing in their appeal that the magistrate judge's order (# 16) granting defendant's motion to disqualify plaintiffs' counsel is clearly erroneous. Plaintiffs argue that the magistrate judge erred in ruling that this case and the Manning case are "substantially related" based only on the similarity of the causes of action in the two cases and not on the particular facts of each case. Plaintiffs also contend the magistrate judge improperly shifted to plaintiffs the burden of proof to show that Ms. Pancoast did not receive confidential client information regarding Arizona Charlie's during her employment at Kirshman, Harris & Cooper.

Under Local Rule IA 10–7, attorneys admitted to practice before the United States District Court for the District of Nevada must adhere to the standards of conduct adopted by the Nevada Supreme Court. Nevada Supreme Court Rule 159 provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter ... [r]epresent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents, preferably in writing, after consultation." Nevada Supreme Court Rule 160 applies this principle to situations where lawyers are associated with one another in a firm. When a lawyer has terminated an association with a firm, Rule 160 prohibits

the firm from representing a person with interests materially adverse to a client represented by the formerly associated lawyer where the matter is the same or substantially related or where any lawyer remaining in the firm has confidential client information, unless the former client consents. See SCR 160.

■ Under a reasonable interpretation of Rule 160, the converse also must be true such that the formerly associated lawyer is prohibited from representing a person with interests materially adverse to a client represented by the firm (at the time the formerly associated lawyer was employed at the firm) where the matter is the same or substantially related. Thus, in the situation as described above which parallels the facts of this case, once a magistrate judge or a court has determined that the representations are "substantially related" and the interests of the clients are "materially adverse," disqualification of the formerly associated lawyer is warranted under Rules 159 and 160.

In *Robbins v. Gillock*, 109 Nev. 1015, 862 P.2d 1195 (1993), the Nevada Supreme Court provided guidance in determining whether matters are "substantially related" under Nevada Supreme Court Rule 159.

> The burden of proving whether two matters are the same or substantially related falls on the party moving for disqualification and that party must have evidence to buttress the claim that a conflict exists. In proving that a prior representation is substantially related to the present litigation, however, the moving party is not required to divulge the confidences actually communicated, nor should a court inquire into whether an attorney actually acquired confidential information in the prior representation which is related to the current representation. The court should instead undertake a realistic appraisal of whether confidences might have been disclosed in the prior matter that will be harmful to the client in the later matter.

*Id.* at 1017–18, 862 P.2d 1195. In *Robbins*, the court held that a lawyer who represented a doctor previously in a medical malpractice action could represent a person suing the

same doctor for medical malpractice. *Id.* at 1018, 862 P.2d 1195. The court reasoned that the mere fact that both cases involved medical malpractice claims did not demonstrate they were substantially related because the different type of injuries in the two cases, a neurological injury and a kidney ailment, demonstrated that they were wholly distinct matters. *Id.* In addition, the court rejected as "pure speculation" the argument that the lawyer may have obtained disadvantageous confidences in the earlier representation of the doctor. *Id.*

█ In this case, the magistrate judge properly concluded that a "substantial relationship" exists between Kirshman, Harris & Cooper's representation of Arizona Charlie's in the Manning case and related employment matters and Ms. Pancoast's representation of plaintiffs whose interests are "materially adverse" to those of Arizona Charlie's. Under *Robbins,* the court must "undertake a realistic appraisal of whether confidences might have been disclosed in the prior matter that will be harmful to the client in the later matter." Here, the evidence shows confidential information was in fact disclosed to Kirshman, Harris & Cooper by Arizona Charlie's and was most likely disclosed specifically to Ms. Pancoast at meetings of the six-attorney firm and during informal discussions while she was employed at that firm. This is sufficient to require disqualification under *Robbins* because it is not necessary to show that the attorney actually acquired confidential information in the prior representation. See *id.* at 1017–18, 862 P.2d 1195.

█ Moreover, as the magistrate judge found, it is entirely possible that confidential information disclosed in the prior representation is relevant to plaintiffs' pending discrimination case against Arizona Charlie's. Although they do not appear to relate to the same incident or involve the same plaintiffs, both the Manning case and this case allege racial discrimination in employment against the same defendant. In employment discrimination cases, unlike malpractice cases at issue in *Robbins,* the *past* conduct of the defendant employer can be used to establish a pattern or practice of discrimination to support an employee's claim of discrimina-

tion. See *Hawkins v. Hennepin Technical Center,* 900 F.2d 153, 155–56 (8th Cir.) (because employer's past discriminatory policy and practice may be used to illustrate pretext in a Title VII disparate treatment case, evidence of past acts should normally be admitted into evidence), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); *Gonzales v. Police Dept., City of San Jose,* 901 F.2d 758, 760–61 (9th Cir.1990) (in Title VII race discrimination case against city, court erred in failing to consider city's repeated violations of its own affirmative action plan). Here, plaintiffs have alleged a pattern and practice of racial discrimination on the part of Arizona Charlie's. Thus, confidential information that Arizona Charlie's disclosed to Kirshman, Harris & Cooper for the purposes of defending the Manning case and to seek advice concerning its employment practices and policies is likely to be related to the employment practices and policies which plaintiffs are challenging as unlawful in this case. Clearly, use of such confidential information in the present case would be harmful to Arizona Charlie's.

The magistrate judge was also correct in finding that the conflict of interest created by these "substantially related" representations warranted Ms. Pancoast's disqualification in light of Arizona Charlie's' refusal to consent to such representation and Ms. Pancoast's failure to rebut the inference that she obtained confidential client information about Arizona Charlie's while employed at Kirshman, Harris & Cooper. Plaintiffs' contention that the magistrate judge improperly and prematurely shifted the burden of proof to Ms. Pancoast has no merit. The magistrate judge simply noted that "[i]n some jurisdictions, once the substantial relationship test is satisfied, the presumption is rebuttable that the law firm's former attorney received confidential information during her prior representation." Order (# 13) at 6. This discloses the magistrate judge would have considered competent evidence which rebutted this presumption, even though he was not required to do so under Nevada law. See SCR 160. However, plaintiffs failed to produce any such evidence in opposition to defendants' motion to disqualify. The fact that the magistrate judge noted the lack of evidence to

**1218**

support plaintiffs' position in his order does not constitute clear error. In addition, this court cannot now consider plaintiffs' evidence which should have been submitted to magistrate judge at the time that he made his decision. See *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91, *as amended,* (3rd Cir.1992) (in reviewing magistrate's ruling on nondispositive matter, district court is not permitted to receive further evidence; it is bound by clearly erroneous rule in reviewing questions of fact). Thus, plaintiffs have failed to show the magistrate judge's order was clearly erroneous and their appeal must be denied.

Accordingly, **IT IS ORDERED** that the magistrate judge's order (# 13) is *AFFIRMED* and plaintiffs' appeal (# 15) of that order is *DENIED.*