An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LESEAN COLLINS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66360

FILED

OCT 29 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges district court rulings allowing the State to introduce prior bad act evidence related to petitioner Lesean Collins' prior arson conviction and denying his motion to disqualify the Clark County District Attorney's Office.[1] Collins is awaiting trial on charges of murder and robbery stemming from his alleged killing of Brandi Payton and taking of her car, cell phone, jewelry, and purse. He filed a pretrial motion to exclude evidence of his prior

---

[1]In the alternative, Collins seeks a writ of prohibition. Because the district court had jurisdiction to consider his motion to exclude evidence of his arson conviction and his disqualification motion, prohibition is inappropriate. *See* NRS 34.320.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36015

conviction for arson. After an evidentiary hearing, the district court denied the motion. Collins also filed a motion to disqualify the Clark County District Attorney's (CCDA) Office because his two former attorneys who represented him in his arson case currently work for the CCDA's Office, creating a conflict of interest that will preclude him from receiving a fair trial in the murder prosecution unless the CCDA's Office is disqualified. The district court denied the motion. This original writ petition followed.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. Further, mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).

As to Collins' challenge regarding the admission of prior bad act evidence, he has an adequate remedy at law by way of an appeal should he be convicted, *see* NRS 177.015(3); NRS 177.045, and therefore writ relief is not appropriate. NRS 34.170. Accordingly, our intervention is not warranted on this ground.

As to Collins' challenge to the district court's denial of his motion for disqualification, this court has held that "mandamus is the appropriate vehicle for challenging attorney disqualification rulings." *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. ___, ___, 321 P.3d 882, 884 (2014). "The disqualification of a prosecutor's office rests with the sound discretion of the district court," *Collier v. Legakes*, 98 Nev. 307, 309, 646 P.2d 1219, 1220 (1982), *overruled on other grounds by Zogheib*, 130 Nev. at ___, 321 P.2d at 886, but "where the district court has exercised its discretion, mandamus is available only to control an arbitrary or capricious exercise of discretion," *Zogheib*, 130 Nev. at ___, 321 P.3d at 884. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining arbitrary or capricious exercise of discretion). We conclude that extraordinary relief is not warranted.

Collins argues that his former attorneys' representation of him in his arson case creates a conflict of interest due to their employment with the CCDA's Office and that conflict of interest must be imputed to the CCDA's Office. The core of his argument is that his former attorneys will likely participate in post-conviction proceedings related to his arson conviction that are currently pending in district court—namely by testifying at an evidentiary hearing—and that their employment with the CCDA's Office calls into question their credibility and bias because their testimony might be influenced by pressure to protect their jobs and career advancement given the CCDA's desire to secure a conviction at Collins' murder trial and efforts to ensure that his arson conviction is upheld.

We must first consider whether Collins has established that his former attorneys' employment with the CCDA's Office created a conflict of interest due to their prior representation of him in his arson case. We conclude that he has not. RPC 1.9(a) provides: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Collins has presented nothing establishing that the arson conviction is the "same or substantially related" to the murder prosecution. That the State intends to present evidence concerning his arson conviction is not a sufficient link to establish a conflict of interest under the rules. *See Waid v. Eighth Judicial Dist. Court*, 121 Nev. 605, 610, 119 P.3d 1219, 1223 (2005) ("A superficial similarity between the two matters is not sufficient to warrant disqualification."). Because Collins has not satisfied his burden of establishing that his arson case is the "same or substantially related" to the murder prosecution, he cannot show that a conflict of interest and therefore disqualification of the CCDA's Office is unwarranted. *See Robbins v. Gillock*, 109 Nev. 1015, 1017, 862 P.2d 1195, 1197 (1993) (observing that burden of proving two matters are "same or substantially related" rests on party seeking disqualification and "that party must have evidence to buttress the claim that a conflict exists").

Even assuming that a conflict of interest exists, extraordinary relief is not warranted. As *Zogheib* instructs, "an individual prosecutor's conflict of interest may be imputed to the prosecutor's entire office in

extreme cases," but "the appropriate inquiry is whether the conflict would render it unlikely that the defendant would receive a fair trial unless the entire prosecutor's office is disqualified from prosecuting the case." 130 Nev. at ___, 321 P.3d at 886. Collins has not made this showing. Again, the arson and murder prosecutions are unrelated and no argument he advances suggests that it is unlikely that he will receive a fair trial in his murder case simply because his former attorneys in his arson case are employed by the CCDA's Office and he has a pending post-conviction proceeding in which former counsel might participate as witnesses. Moreover, the impetus behind his disqualification motion—his former attorneys' credibility and bias relative to the post-conviction proceedings in his arson case—will exist even if the CCDA's Office is disqualified in this case. Disqualifying the CCDA's Office in this case will not remedy those concerns.[2] Issues of bias and credibility concerning his former

---

[2]Collins argues that the district court erred by denying his disqualification motion without conducting an evidentiary hearing. We conclude that he failed to show that the district court manifestly abused its discretion in this regard, as he failed to make an adequate showing that disqualification was necessary such that an evidentiary hearing was warranted. He also argues that the CCDA's Office has not complied with the screening and notice requirements mandated by RPC 1.11. Because we conclude that Collins failed to show that his former attorneys had a conflict of interest, the screening and notice requirements under RPC 1.11, are irrelevant, assuming that provision applies here. We note that the record indicates that the CCDA's Office has undertaken screening measures and Collins' former attorneys have not communicated with the prosecutors involved in the murder prosecution about the murder case. We further reject Collins' contention that the district court manifestly

*continued on next page . . .*

attorneys are irrelevant to his murder prosecution and may be appropriately vetted in post-conviction proceedings related to his arson case.

Because we conclude that Collins has an adequate remedy at law to challenge the district court's evidentiary ruling and he has not demonstrated that the district court manifestly abused its discretion by denying his disqualification motion, we

ORDER the petition DENIED.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                          Cherry

_____

. . . *continued*

abused its discretion by orally denying his disqualification motion before receiving affidavits confirming what it believed was true from the pleadings—that Collins' former attorneys had no contact with the prosecutors involved in the murder prosecution. Nothing in the district court's comments suggest that it would not have reconsidered its oral ruling had the affidavits revealed contact between former counsel and the prosecuting attorneys or some violation of the screening measures.

[3]We lift the stay of the trial imposed on August 29, 2014.

cc: Hon. Kathleen E. Delaney, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk